IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELBERT CONWAY,  )
  )
        Petitioner,  )
  )
v.  ) No. 12 C 1371
  )
KEITH ANGLIN, Warden, Danville  )
Correctional Center,  )
  )
        Respondent.  )

## OPINION AND ORDER

Following a jury trial in the Circuit Court of Cook County, Illinois, Elbert Conway was found guilty and sentenced to 25 years' imprisonment for attempted first degree murder. His conviction and sentence were affirmed on direct appeal. *See* **People v. Conway**, 376 Ill. App. 3d 1137, 952 N.E.2d 728 (1st Dist. Nov. 21, 2007),[1] *appeal denied*, 227 Ill. 2d 587, 888 N.E.2d 1186 (March 26, 2008). Conway did not petition the United States Supreme Court for a

---

[1] The Appellate Court decision is an unpublished "table" decision. A copy of the unpublished order is provided as Exhibit A to respondent's motion to dismiss.

writ of *certiorari*. It is uncontested that Conway's *pro se* petition for leave to appeal was denied on March 26, 2008, but no notice was sent to Conway until a March 10, 2009 response to an inquiry from Conway that had been received at the Illinois Supreme Court the previous day. On April 22, 2009, Conway filed a *pro se* postconviction petition in the Circuit Court of Cook County, which the court summarily denied. The Illinois Appellate Court affirmed. *See* **People v. Conway**, No. 1-09-2114 (1st Dist. June 20, 2011) (unpublished).[2] On November 30, 2011, the Illinois Supreme Court denied leave to appeal. **People v. Conway**, 962 N.E.2d 484 (Ill. 2011). Again, Conway did not petition the United States Supreme Court for a writ of *certiorari*.

On February 27, 2012, Conway filed his federal habeas corpus petition.[3] The petition contained three claims. Conway contends his trial counsel was

---

[2] A copy of this order is provided as Exhibit D to respondent's motion to dismiss.

[3] The petition was received by the Clerk of the Court on February 27. The petition is undated and Conway provides no declaration regarding when he provided to prison officials, for mailing, the petition and adequate postage. *See* § 2254 Habeas R. 3(d). Even after respondent pointed out the mailbox rule, Conway did not contend in his answer brief that he provided the petition for mailing at an earlier date. The motions to proceed *in forma pauperis* and for appointment of counsel that accompanied the federal habeas petition are dated February 15, 2012, so that apparently is the earliest possible date that he provided the petition for mailing.

ineffective for failing to investigate and present two witnesses who could have testified that the shooting victim had told them he falsely named Conway as being one of his assailants. This claim was raised and rejected in the postconviction proceeding. The second claim is, because of trial counsel's ineffectiveness in failing to give proper notice of a different potential witness, Conway was prevented from presenting that witness who would have testified that the victim told her Conway was not one of the assailants. The third claim is that it was error to impose a discovery sanction based on failure to give notice of the aforementioned witness. The latter two claims were rejected on direct appeal. Conway also filed an amendment to his habeas petition contending he is actually innocent. He concedes that this last issue was never raised in state court, but contends that was because he had lost contact with the person who could provide testimony supporting this contention.

Respondent[4] moves to dismiss on the ground that the petition is untimely. Respondent has not answered the allegations of the petition nor raised

---

[4]In addition to naming his warden as a respondent, petitioner also named Illinois Attorney General Lisa Madigan as a respondent. Madigan is dismissed without prejudice.

any issue going to the merits of the claims nor whether Conway preserved his claims by first properly and fully raising them in the state court proceedings.

Ordinarily, a habeas petition has to be filed within one year of the completion of direct review. 28 U.S.C. § 2244(d)(1)(A). When a conviction is affirmed by a state's highest court and no petition for *certiorari* to the United States Supreme Court is filed, direct review is final when the time for seeking *certiorari* expires, which, as pertinent to this case, is 90 days after the Illinois Supreme Court denies leave to appeal. **Martinez v. Jones**, 556 F.3d 637, 638 (7th Cir. 2009) (*per curiam*); **U.S. ex rel. Toney v. Davis**, 2012 WL 182228 *2 (N.D. Ill. Jan. 23, 2012). The 90 days is measured from entry of the denial of leave to appeal, not from the date that the mandate is subsequently entered. *See* U.S. S. Ct. R. 13(3). A procedurally proper state postconviction proceeding will toll the one-year period, but the limitation period runs between the time direct review becomes final and the postconviction proceeding is filed. 28 U.S.C. § 2244(d)(2); **De Jesus v. Acevedo**, 567 F.3d 941, 944 (7th Cir. 2009); **Toney**, 2012 WL 182228 at *3. If *certiorari* is not pursued, tolling ends when the postconviction proceeding ends in state court; there is no further tolling for the time period in which a *certiorari* petition could have been filed. **Jones v. Hulick**,

449 F.3d 784, 788 (7th Cir. 2006); *U.S. ex rel. Green v. Rednour*, 2011 WL 4435641 *3 n.2 (N.D. Ill. Sept. 22, 2011). The postconviction proceeding ends when leave to appeal is denied, not when the mandate to the Appellate Court is subsequently issued. *Wilson v. Battles*, 302 F.3d 745, 747-48 (7th Cir. 2002); *U.S. ex rel. Martin v. Chambers*, 2005 WL 1269989 *3 (N.D. Ill. April 22, 2005).

In Conway's state proceedings on direct review, leave to appeal was denied March 26, 2008. 90 days later was Tuesday, June 24, 2008. Between then and the April 22, 2009 filing of the postconviction petition, 302 days ran. Another 89 days ran between the November 30, 2011 denial of postconviction leave to appeal and the February 27, 2012 filing of the federal habeas petition. 391 days total exceeds one year.[5]

Conway contends that, because of the delayed notice of the direct appeal denial of leave to appeal, the one-year period under § 2244(d)(1)(A) did not first begin to run until the denial of leave to appeal in the postconviction proceeding. He points to the fact that his postconviction petition was accepted as timely and decided on the merits even though such a proceeding ordinarily must be initiated within 6 months after the expiration of the time for a *certiorari* petition on direct

---

[5]Even assuming the petition was provided for mailing on February 15, 2012, 379 days ran.

review. *See* 725 ILCS 5/122-1(c). That provision allows for more time if "the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." *Id.* However, regardless of whether the state court treats a postconviction petition as being timely and/or rules on the merits of the petition, § 2244(d)(2) tolling does not begin until the postconviction petition is actually filed; the state court's acceptance of the petition does not back-date its filing. ***De Jesus***, 567 F.3d at 943-44; ***Toney***, 2012 WL 182228 at *3.

Conway's other contention is that the delay in sending him notice of the denial of leave to appeal entitles him to equitable tolling. " [A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." ***Holland v. Florida***, 130 S. Ct. 2549, 2562 (2010) (quoting ***Pace v. DiGuglielmo***, 544 U.S. 408, 418 (2005)).

On direct appeal, Conway's petition for leave to appeal was filed on January 3, 2008. In late February or early March 2009, he first inquired regarding the status of this petition. After being informed it had been denied almost a year earlier, Conway filed his postconviction petition a little more than a month later. After the postconviction proceedings concluded, Conway still had 63 more days to

file his federal habeas corpus petition. Instead, he did not file the federal petition until 89 days later. There is no contention by respondent that Conway lacked diligence in making no inquiry about the status of his direct appeal petition for leave to appeal until approximately 14 months after he filed it. Respondent does contend that acting with diligence, 63 days after denial of the postconviction leave to appeal would have been more than enough time to file a federal habeas petition.

The 63-day period remaining to submit a federal habeas petition was more than enough time for Conway to prepare and file a federal habeas petition, particularly the relatively simple one that he did submit which consisted of this District's standard seven-page habeas form, including a one-paragraph statement of each claim. Conway did not act with diligence in taking nearly three months to prepare and submit his habeas petition. *Cf. Schmitt v. Zeller*, 354 F. App'x 950, 952 (5th Cir. 2009) (taking 50 days to file federal habeas petition was not diligent); *Hollinger v. Sec'y Dep't of Corr.*, 334 F. App'x 302, 307 (11th Cir. 2009) (12 days was not enough time for a diligent petitioner to prepare and file a federal habeas petition); *Saleem v. Hendricks*, 306 F. App'x 739, 741 (3d Cir. 2009) (filing federal habeas petition more than two months after denial of state postconviction relief was not diligent); *Derouselle v. Cain*, 279 F. App'x. 320, 321

(5th Cir. 2008) (filing federal habeas petition two months after state court denial of relief was not diligent); **Gordon v. Quarterman**, 236 F. App'x. 975 (5th Cir. 2007) (same). Conway's federal habeas petition will be dismissed as untimely.

No cases were found supporting that waiting more than two months after the denial of state relief before filing a federal habeas petition satisfies the diligence requirement for equitable tolling. Further consideration of equitable tolling would only be appropriate if the Clerk's error had resulted in substantially less remaining time to submit a federal habeas petition and the petitioner could satisfy diligence standards for equitable tolling. A certificate of probable cause will not issue.

IT IS THEREFORE ORDERED that respondent Lisa Madigan is dismissed without prejudice. Respondent's motion to dismiss [13] is granted. The petition for a writ of habeas corpus is denied. A certificate of appealability will not issue. The Clerk of the Court is directed to enter judgment in favor of respondent and against petitioner denying the petition for a writ of habeas corpus as untimely. If petitioner wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of

Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case. A notice of appeal should be accompanied by a request for a certificate of appealability.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JULY 26 2012